IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALLEN ROBINSON,

      Petitioner,                    No. CIV S-06-2685 LKK DAD P

    vs.

KEN CLARK, Warden,

      Respondent.               ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        In the petition pending before the court, petitioner challenges a 180-day loss of good-time credit as well as revocation of his visiting privileges. Petitioner is advised that habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). In contrast, a civil rights action is the proper mechanism for a prisoner seeking to challenge the conditions of his

1

confinement. 42 U.S.C. § 1983; Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). Petitioner's challenge to his loss of time credits states a cognizable claim for purposes of federal habeas review. However, petitioner may only challenge the revocation of his visiting privileges in a civil rights action. Accordingly, the instant petition will be dismissed with leave to file an amended petition that includes only petitioner's challenge to his loss of time credit. If he so desires, petitioner may file a separate civil rights action to pursue his claim regarding his visiting privileges.

Petitioner is cautioned that in order for this court to review his application, he must refile his petition on the form provided by the court. Although petitioner may submit a separate memorandum to support his petition for relief, the court's application form must contain all relevant claims, and must provide the court with all necessary information.

Also before the court are several requests from petitioner. First, petitioner requests that respondent's name be changed from Ken Clark to Roseanne Campbell because she was the warden of the institution where he lost his good-time credit. Petitioner is advised that "[a] petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Accordingly, in his amended petition, petitioner must name as the respondent the warden of the institution where he is currently incarcerated.

Petitioner has also requested that the court screen his petition. Good cause appearing, petitioner's requests will be granted.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;

/////

/////

2. Any amended petition must be filed on the form employed by this court and must state all claims and prayers for relief on the form.  It must bear the case number assigned to this action and must bear the title "Amended Petition";

3. Petitioner's December 4, 2006 request to change the name of respondent in this action (Doc. No. 5) is denied;

4. Petitioner's May 10, 2007 and July 18, 2007 requests that the court screen his petition (Doc. Nos. 10 & 11) are granted; and

5. The Clerk of the Court is directed to send petitioner the form for habeas corpus application.

DATED: October 17, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
robi2685.amd